IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY ALLEN WHITEN,                  No. C-08-3788 VRW (PR)

    Plaintiff,

    v.                                 ORDER OF DISMISSAL

W T PRESSLEY,
                                  (Doc #s 2 & 4)
    Defendant.
                             /

       Plaintiff Timothy Allen Whiten has filed a pro se civil rights complaint under 42 USC § 1983 alleging that California Department of Motor Vehicles Driver Safety Officer W T Pressley violated his constitutional rights when he mistakenly confiscated plaintiff's driver's license. Plaintiff seeks 10 million dollars in compensatory and punitive damages. He also seeks leave to proceed in forma pauperis.

                                    II

       This court must dismiss an action if the complaint is frivolous or malicious, fails to state a claim upon which relief may

be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 USC § 1915(e)(2).  Pleadings filed by pro se litigants, however, must be liberally construed.  <u>Balistreri v Pacifica Police Dep't</u>, 901 F2d 696, 699 (9th Cir 1990).

To state a claim under 42 USC § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  <u>West v Atkins</u>, 487 US 42, 48 (1988).

### III

The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. See <u>County of Sacramento v Lewis</u>, 523 US. 833, 849 (1998); <u>Davidson v Cannon</u>, 474 US 344, 348 (1986); <u>Daniels v Williams</u>, 474 US 327, 328 (1986).  Only conduct intended to injure in some way unjustifiable by any government interest is the sort of official action likely to rise to the conscience-shocking level required to support a substantive due process claim under § 1983.  See <u>Lewis</u>, 523 US at 849.

Here, plaintiff alleges "due to the gross negligent [sic] of W T Pressley, plaintiff suffered mental anguish, he was unable to take his kids to there [sic] doctor appointments and was unable to work."  Doc # 1 at 3-4.  Even assuming Pressley was negligent in confiscating plaintiff's driver's license, this allegation does not

2

rise to the level of a § 1983 claim for which relief may be granted. See Lewis, 523 US at 849.

IV

For the foregoing reasons, plaintiff's complaint is DISMISSED under the authority of 28 USC § 1915(e)(2).

Based solely on plaintiff's affidavit of poverty, his application for leave to proceed in forma pauperis (doc #s 2 & 4) is GRANTED.

The clerk is directed to enter judgment in accordance with this order and close the file.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\CR.08\Whiten-08-3788-order of dismissal.wpd